

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. K. McClain
County Attorney
Georgetown, Texas

Dear Sir:

Opinion No. O-6634
Re: Applicability of Article 1493,
Penal Code, regulating the tag-
ging of feed stuffs to given
feeds.

Your request for an opinion of this department
reads as follows:

"Will you please advise me if your department
has had any occasion to construe Article 1493 of
the Penal Code?

"This article, to me, is vague and indefinite
and incapable of enforcement.

"To illustrate, a citizen of our County owns
and operates a feed mill. He purchases corn as it
is delivered to him. Ordinarily, corn ground with
no other ingredients would contain .08 protein.
A farmer sells this miller some corn with large
cob and a great deal of shuck. The miller without
any intent to defraud, or without any intent to
violate the law, grinds this feed and sells it.
The Agricultural Department has furnished this
miller with a tag on which is printed the certi-
ficate that the ground feed contains .08 protein.
The miller sells this feed and it contains .0793.
I am convinced that he did not intentionally vio-
late the law. Under these circumstances, would
he be guilty, in your opinion, of violating Arti-
cle 1493? I do not wish to file a complaint in
any of these cases unless we have a reasonable
ground to convict."

Honorable W. K. McClain, Page 2

Your opinion that the Article under consideration is "vague and indefinite and incapable of enforcement" may be correct. To our mind it is a question that is not entirely free from doubt. However, we think that the request may be practically disposed of on other grounds.

While it is generally true that intent or wilfulness is an element of a criminal offense such is not necessarily the case. Many statutory offenses now punish for acts regardless of the intent of the defendant and this is usually the case in the offenses pertaining to food and drug law enforcement. 12 Tex. Jur. 247; 26 C. J. 765. However, the absence of any necessity on the part of the State to plead or prove intent, knowledge or wilfulness, does not mean that the defendant is precluded from setting up a mistake of fact as a defense in a proper case. Article 41 of our Penal Code reads as follows:

"If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

Numerous decisions have arisen under this Article but of particular significance to our inquiry are those dealing with alleged violations of the food laws. In Wilson v. State, 56 S. W. 2d 463, the defendant was charged with violating the Pure Food Law and fined $50.00. He was the manager of a grocery store and an inspector found puffed cans on his shelves which proved to be adulterated when analyzed. The Court summarized the defendant's testimony in this language, "In short, he testified that he did not know that any adulterated goods were on his shelves, saying that he would not knowingly have exposed such goods for sale, and, further, that he went over his stock and tried to pick out merchandise he thought was adulterated." Although the statute so provided, the court held that it was error for the court below to charge that, "It shall not be necessary for the indictment to allege or for the state to prove that the act or omission was knowingly done or omitted." The court also quoted the Article set out above and stated, "If another trial be had, a charge under the provisions of Article 41, supra, should be submitted to the jury." To the same effect and likewise dealing with pure food violations are Keeton v. State, 151 S. W. 2d 819 and Vaughn v. State, 219 S. W. 203. Other cases bearing on the

Honorable W. K. McClain, Page 3

point but concerned with violations of the liquor laws and the alcoholic content of the beverages involved are Wise v. State, 70 S. W. 2d 424 and Patrick v. State, 78 S. W. 947.

We conclude that knowledge, intent or wilfulness are not elements which must be charged and proved by the State to make out a case under Article 1493 because they are not required under the statutory definition of the offense. However, the defendant is not deprived of his right to show a mistake of fact through no lack of diligence on his part as a complete defense to the charge. In each case his defensive matter will raise a question of fact for the jury under an appropriate charge phrased according to Article 41 supra. Under the facts inquired about it would appear that the miller under investigation has submitted the proper samples of his feed for analysis under Article 1491, Penal Code. Obviously he paid his tax and the samples submitted met the required standards--otherwise the Texas Agricultural Experiment Station would not have issued him the tags stating the protein analysis. Furthermore, it appears from your statement that corn ordinarily tests about .08 protein when ground and that the sample complained of tested .0793, a variation of only .0007. You state that the miller had no intent to defraud and had no intent to violate the law and that the particular lot of corn from which the condemned sample was taken was out of the ordinary in that it had more shuck and cob than usual.

While it is purely a matter of policy for your office as to whether this party should be prosecuted or not, it occurs to us that if you were sitting on his jury and found the facts to be as you have given them to us that it would probably be your duty under your oath to acquit him under a proper charge given under Article 41, Penal Code.

We hope our views will be helpful in this matter and we will be pleased if such is the case.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Eugene Alvis
    Eugene Alvis
    Assistant

EA:mp

CONSIDERED AND APPROVED IN LIMITED CONFERENCE